The next case this morning is 5 24 13 51 people versus Freeman arguing for the appellant is Jennifer Lassie arguing for the appellee is Stephanie Lee. Each side will have 10 minutes for their argument. The appellant also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning. Good morning. Miss Lassie if you are ready to begin you may do so. Thank you. May it please the court counsel my name is Jennifer Lassie with the office of the state appellate defender and I represent the defendant appellant Mr. Dante Freeman. If time permits I will be addressing both arguments raised in the opening and reply brief. First the state failed to go to trial within the appropriate statutory speedy trial period and the trial court abuses discretion in granting many of the state's motions to continue. Uh to be clear the state filed motions to continue in February, April, May, June, August, and September and Mr. Freeman did not challenge the motion filed in February. It's important to note that the provision for DNA testing was not meant to provide an automatic continuance in every trial that involves DNA testing. Such a result would and would allow the state to double the speedy trial period in every case involving DNA. That doesn't make sense. That's why the statute requires the state to prove that it's exercised due diligence. Also it cannot be overlooked that NM and NS both disclosed their allegations against Mr. Freeman before the first charges the ones involving NM were even filed on January 23rd, 2024. Um Mr. Freeman was taken into custody on January 19th, 2024 and he remained in custody until his trial began more than nine months later on October 28th, 2024. Um whether uh whether the state has proved its exercise due diligence is reviewed for an abuse of discretion but the overall issue of whether a defendant's speedy trial rights have been violated is reviewed de novo. First the state argues that there was no speedy trial violation since it brought Mr. Freeman to trial within the extra time it obtained. That ignores the fact that these extensions after the February one never should have been granted. The state also suggests that it was Mr. Freeman's burden to sever the charges however that argument goes against all The state chose to bring the charges for NS in the same case as NM and the state wasn't required to do that. Um the state bears the burden of bringing a defendant to trial within that statutory timeline not the defense and it's not Mr. Freeman's fault that the state's poor choices on how to charge this case uh hindered the state's ability to bring him to trial within within the required time frame. This court in the battles case cited in the briefing made it clear that the state bears the burden of demonstrating it exercised due diligence. On this on appeal the state continues to do what it did below it makes these bald assertions that it exercised due diligence without ever explaining how it did so. So for example with respect to locating witnesses in the Ely case cited in the briefing the state made extensive efforts to get witnesses for months and made numerous attempts to locate them and to serve them with subpoenas. Here um in July the state asked for uh more time to present witnesses at its 11510 hearing and then in August the state shows up and says the day before we learned that Lopez wasn't available and we never subpoenaed her. So the state never even served one of its critical witnesses with the subpoena instead it just hoped that she would show up and then the state learned the day before the hearing that she wasn't able to do so and that she was on medical leave. That's not due diligence um with respect to obtaining DNA evidence this court explained in battles that the state is required to tender a full explanation of each and every step taken to complete DNA testing and the steps should articulate a course of action that a reasonable and prudent person intent upon completing the test within 120 days would follow. And the showing should also explain why the efforts engaged in fell short of their objective and why it resulted in an unavoidable delay. Here we just have the state uh making a conclusory assertion in its filings below we've exercised due diligence but it doesn't really explain how and the state's brief on appeal also doesn't because it's just not in the record and they can't um so we asked this court to find that he the state did not demonstrate due diligence as required the trial court erred in granting those extensions other than the initial February 1 and we also argue that trial counsel was ineffective for failing to file a pre-trial motion to dismiss those charges which which is which brings me to the second argument um trial counsel was ineffective for failing to file that pre-trial motion Illinois law requires attorneys to file a written motion to dismiss prior to trial and if they fail to do so they waive the issue and here trial counsel recognized that there was a speedy trial issue objecting every step of the way and orally before the trial court and trial counsel also raised the issue in a post-trial motion and during the Krankel inquiry um trial counsel was clear that he thought there was a speedy trial issue but then based on the court's rulings he didn't think he could file a motion that's just a misunderstanding of the law trial counsel was required to file that written motion and just simply misunderstood what he was supposed to do and it's clear that counsel thought there was a speedy trial violation because counsel raised the issue again in a post-trial motion which demonstrates that counsel believed the argument had merit I mean otherwise counsel is prohibited from raising for frivolous filings by supreme court rule 137 so when we look at the trial counsel made it clear that there was a speedy trial issue to be raised and trial counsel also made it clear that he just misunderstood the procedural requirements for raising that argument properly so the trial court's ruling and failure to appoint new counsel was manifest error one other thing I wanted to address with this argument the state argues that this is a repackaging of the speedy trial argument raised in argument one but it's not when counsel fails to do something properly the only way to reach the issue to avoid waiver or forfeiture is to assert that counsel was ineffective so it's not a repackaging of any claim it's it's the way the claim must be raised and I would also ask this court to find that this is not an attempt to use the speedy statute as a sword as the state suggests the cases cited by the state are cases where counsel and the defendant repeatedly acquiesce to continuance motions and then in the post-trial stage raise the issue of speedy trial violations and that's not what we have here this issue was raised repeatedly so this is not the speedy trial statute being used as a sword this was just ineffective assistance and a failure to follow the code of criminal procedure so it's entirely distinct from the cases cited by the state so unless this court has any questions we would ask you to reverse Mr. Freeman's convictions outright under argument one or alternatively as requested in argument two we would ask that you reverse the trial court's judgment with respect to the and remand for further proceedings with the appointment of new counsel okay thank you uh Justice Vaughn, Justice Clark, any questions? Yeah just just a question please absent some finding that the trial court abused its discretion in granting the motions what harm did the defense suffer by the counsel not filing his motion to dismiss if the continuances were not in abuse of discretion what difference does it make um so if this court would find that the trial court did not abuse its discretion in granting these um then uh Mr. Freeman would not be able to show the prejudice required how it however it is our position that the trial court did abuse its discretion in granting all of the the motions for continuance other than the February one thank you no questions for me thank you okay uh thank you Miss Lassie you'll have a time in rebuttal uh Miss Lee good morning your honors may it please the court counsel Stephanie Lee on behalf of the people the defense seems to be two different um issues and the first would be what would be a claim of of sort of trial court error um reviewed under an abuse of discretion which what the defense attorney explained was he was preserving that and the court during the Crankle hearing made them made it very clear he understood that so what was preserved was the idea that of the argument that the um trial court abused its discretion by finding due diligence what is absolutely waived and is binding on this court is the concept that there was some sort of actual violation and there isn't within this extended uh speedy trial period as granted under the statute um so on October 17th when you look at um supplemental record 21 and 22 what you'll see is the defense counsel specifically conceded that if it went to trial on October 28th it was within the speedy trial period so there was in fact no violation what would what um got litigated at the post trial motion and the court had said to the defendant that's what we're going to talk about at the um at the post trial motion which is the due diligence piece um the court listened heard we actually had um a person from the lab come and testify and outline all the steps that also had been done um and so after hearing all that the court found again due diligence that is what your court this court can look at um if if your honors want to the problem the problem for defense there is it has to be that the court's decision was actually arbitrary unreasonable no reasonable justice judge would have made that um finding and i i don't think if your honors were to disagree that you may not have granted any uh it isn't multiple motions um and and that you can see when you look at the pet um if you look at page 60 59 and 60 of the pettis case it actually talks about um best practices in in that court's opinion it didn't say what was required but what it said is it's not it is a good idea to bring them up give the status what's going on here's where we're at and and you still get the a single 120 um extension so these really weren't um multiple 120 extensions there was a 60 which was for the missing witness and to the extent that um the defense wants to say that the lack of a subpoena is somehow important to that issue um there's no site for that number one and number two it was a medical unexpected thing um to leave the day before so the fact of the matter is it wasn't that didn't show up because she wasn't under subpoena you couldn't have done or even if you did do a rule to show cause for not showing up she was in you know medical leave so and then she did of course show up when she was available so the subpoena is not why she didn't show up that's that's a non-starter issue um the um to the extent that uh counsel and reply has said that we we strickland uh absolutely with that on page 16 of our brief we explain why number one you cannot file a merit meritless motion and number two so that there was no prejudice and also no um deficient performance for not filing what would be a meritless motion um again um as far as well the other thing that is interesting here is um it's been said that you know well the dna for the ns was done on a certain date and the dna for nm was done on a certain date um the defense concedes that all of this would have been 7.3 in evidence at a minimum so the fact of the matter is it was to both cases but you also have a situation here where you have one pink vibrator which has dna from both victims and the defendant and apparently one of the victim's brothers and one of the victim's mother so the dna as to either of these victims was never complete until you uh finished and analyzed all of this mix of a very complicated dna case and um pitchford uh explained in her trial testimony really and her testimony at the post-trial motion hearing um we the state's position is that this would be defendant using um the the speedy trial as a sword as opposed to a shield what you have here is absolutely overwhelming evidence of his guilt um trying to after the fact get an outright reversal of his conviction um and again in a very very very complicated dna case with five at least five relevant people having dna on this single vibrator that obviously defendant used to abuse these two girls um we also as to the motion to sever um we have never and are not arguing that oh if we had some if defendant had moved to sever we wouldn't have violated the speedy trial the reason we're not arguing that is um point blank because there is no violation so severing isn't it's not that it if defendant had severed it wouldn't have been violated it wasn't violated it was within the time frame so um we do have the burden to try defendant in the speedy trial term uh we absolutely met that burden by filing the you know filing staying on top of it and and trying him within the extended as was set by the trial court um i do find it interesting that um defense is not even only a persuasive um has not addressed hampton um from this court um it it's right on point in terms of trying to repackage some sort of a violation argument into an ineffective assistance but here we actually have the defense attorney explaining i didn't file it because we went to trial within the time allowed by the court so what would be available would be an argument that the court abused its discretion in extending that period of time but there is no there's no evidence of that here each and every court date the court made the finding i've reviewed the the filings which included affidavits from officer of the court the state's assistant state's attorney explaining all the steps that have been gone through um the i would like to address briefly the battles case um which is obviously um from this court um your colleagues on the second and fourth have both both rejected um battles as a specific test um and you can see that in the curry case from the second they cite uh themselves rejecting that test and they also um cite the fourth rejecting the test also i'm aware it just came out friday but you'll if you choose to look there would be uh um another case from the fourth rejecting battles as a specific test or affirming that look at a rule 23s um and i understand that but um not curry curry is not a rule 23 um and let me if i could have just a minute um you know last i just really want to emphasize the materiality of the dna affected both cases and until it was completed it was not completed for both and as soon as it's clear that it's a 7.3 evidence regardless um it's very clear that um there was no violation there um anyway but also defendant did in fact say that he agreed that it should be tried together even though everybody agrees it's not compulsory joinder so the litigation strategy did change the analysis to a certain extent although the evidence still would have been needed for both um but we were not claiming that defendant had was obligated to sever in order for not to violate speedy we didn't violate speedy and that is our our point um i think let me uh and that unless there are other questions i think um that would be my presence from this we would ask the court to affirm okay uh thank you uh justice vaughn justice clark any questions no thank you how many questions thank you all right thank you miss lee um miss lassie you have time uh thank you your honor um first i would like to address the state's reference to a case uh from the fourth that came out this friday um this is a case i'm not sure which one the state's uh referring to but also it's not cited in the briefing and so it's improper to ask the court to consider it at this stage which is oral argument um next i would like to address the state's uh first argument about the uh mr freeman conflating the issues with respect to what's uh what was raised and preserved um regarding the speedy trial count uh the speedy trial claim um so with the speedy trial violation uh trial counsel can't just preserve uh the argument that trial court abused its discretion um without also filing that pre-trial motion to dismiss the charges the state seems to be arguing that counsel was preserving the issue of uh whether the state exercised due diligence but counsel failed to preserve the issue of that there was a speedy trial violation and that doesn't make sense um in order to argue that there was a speedy trial violation and that the state failed to exercise due diligence which led to the speedy trial violation counsel was required to file that pre-trial motion so if you find that this was an abuse of discretion counsel absolutely um erred and failing to file that motion uh the statute's clear on that it's got to be filed pre-trial or the issue is waived um so counsel can't preserve the issue in part and not preserve the issue in part um a next the next point uh the state argues that trial counsel conceded to an extension into october i believe the state's referring to pages 268 and 269 in the report of proceedings but if you look at that in context counsel's not agreeing to an extension um what counsel is saying is as long as you're going to go to trial within the that the court has already granted and that you're not asking for more then fine and at that point counsel's saying the court's already denied things that i've fought against um if you're going within that period that i've already fought for and you know been rejected on that's fine but i'm not agreeing to more time so i don't think that's a concession counsel already fought that that battle and lost um so that's not uh an acquiescence to a continuance um one of the other points the state made oh i'm sorry oh i thought there was a question i don't believe so oh uh one of the other points the state made um was that uh there's no law saying a subpoena is required for witnesses um that's not the argument being made um so when we look at the ely case e e a l y cited in the briefing um in that case getting a subpoena was part of the demonstration that due diligence happened um but that's just part of it in the ely case the state um demonstrated that it had made extensive efforts over a seven month period to try to locate witnesses and try to subpoena them to force them to come to court here um yes the state said its witness lopez had a medical issue but the problem is the state didn't exercise due diligence because it learned that its witness had a medical issue the day before the hearing so that's not an exercise of due diligence where the state doesn't know the information about its witnesses until the day hearing um so it had the state subpoenaed its witnesses communicated with them to inform them of the upcoming hearing that would be due diligence um and again that august 9th hearing uh the state learned the day before august 8th that lopez wouldn't be available but that hearing was already continued from july um so the state had from july 16th until august 8th and it didn't learn anything about lopez until august 8th i guess reaching out presumably reaching out the day before the hearing to see if lopez would show up um and that's that's just not due diligence when we look at cases like ely and battles um and finally an important point the state argued it below and the state continues to argue it on appeal this additional dna testing regarding the uh the brother has nothing to do with the charges filed here the dna testing as claimed by the state uh for nm and ns was complete in i believe june and august and still the state fell to present its case properly and get its witnesses and its evidence to trial until october and this uh the mel dna is simply a red herring it's a distraction and it's irrelevant to the charges filed in this case so we would ask this court to reverse his convictions outright or uh remand for the crankle or remand for the appointment of new council as an argument to okay unless your honors have questions this is clark this is one any questions no thank you no questions thank you okay saying no questions are going to be asked uh thank you both for your arguments here today as well as your briefs uh the court will take the matter into consideration and issue its ruling in due course